# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-29

**IN RE: APPEAL OF JASON GALATAS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20070165
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

Floyd J. Falcon, Jr.
Charles L. Dirks, III
P.O. Box 2667
Baton Rouge, LA 70821
Counsel for Plaintiff-Appellant:
    Jason Galatas

M. Candace Hattan
P.O. Drawer 91850
Lafayette, LA 70509
Counsel for Defendant-Appellee:
    Lafayette Municipal Fire and Police Civil Service Board

Michael P. Corry
Brandon O. Wallace
P.O. Drawer 51367
Lafayette, LA 70505
Counsel for Defendant-Appellee:
    Lafayette Consolidated Government

PAINTER, Judge.

This case is before us for a review of the district court's ruling on the appeal of a decision of the Lafayette Municipal Fire and Police Civil Service Board (the Board) affirming the termination of Jason Galatas.

FACTS

In June 2005, Galatas was employed as a Lafayette City Policeman. He also worked as security for Club 410, a bar/nightclub located in downtown Lafayette. Also employed at Club 410 were John Keith Richard, another Lafayette City Policeman, and Jason Segal. Segal allegedly told Galatas that his roommate, Marc Cormier, had a large amount of marijuana in the apartment he shared with Segal on Meaux Avenue in Lafayette and that Galatas and Richard should stay away from the apartment. Galatas called Agent Jason Herpin of the Lafayette Metro Narcotics Squad and reported the information about the marijuana. He told Herpin that he did not want to be involved. Herpin passed the information on to Major Brian Baumgardner, Sergeant Gabriel Thompson, and Corporal Kane Marceaux. After obtaining a search warrant, the officers searched Cormier's apartment and found between twenty and twenty-five pounds of marijuana, a number of bottles of steroids, and drug paraphernalia.

On June 16, 2005, the Department of Internal Affairs of the Lafayette Police Department (Internal Affairs) sent Galatas a memorandum notifying him that he had "become the subject of an Internal Affairs Investigation alleging: *Conduct Unbecoming of an Officer/Violation of Substance Abuse Policy.*" In connection with the investigation, Galatas was twice interviewed by Internal Affairs. At the second interview on July 26, 2005, Galatas' attorney was present. On August 5, 2005, a pre-

1

determination hearing was held; again, Galatas' attorney was present. A follow-up investigation was held. On September 8, 2005, a letter was sent to Galatas informing him that his employment with the Lafayette Police Department had been terminated and listing six allegations made against him as well as the conclusions reached with regard thereto. Galatas appealed the termination to the Municipal Fire and Police Civil Service Board (the Board). The Board upheld the termination. Galatas appealed that ruling to the Lafayette Parish District Court, which also upheld the termination.

DISCUSSION

*Due Process*

Galatas asserts that the disciplinary procedure afforded him was insufficient to fulfill due process requirements. In support of this assertion, Galatas cites *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985). The Supreme Court in *Loudermill* held that where the state law provides that an employee can only be terminated for cause, the employee has a property right in his or her job. Since La.R.S. 33:2500 provides that persons who have been inducted into permanent positions of classified service are to be subjected to corrective and disciplinary action only for cause, those employees have a property right in their jobs. The court in *Loudermill*, 470 U.S. at 542 (footnote omitted), noted that:

> An essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 ,70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). We have described "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Boddie v. Connecticut,* 401 U.S. 371, 379 , 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971) (emphasis in original); see *Bell v. Burson,* 402 U.S. 535, 542 , 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971). This principle requires "some

2

kind of a hearing" prior to the discharge of an employee who has a constitutionally protected property interest in his employment. *Board of Regents v. Roth,* 408 U.S., at 569-570 , 92 S.Ct., at 2705; *Perry v. Sindermann, 408 U.S. 593, 599,* 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972).

Galatas argues that under La.R.S. 33:2500(D), he was entitled to receive written notice of the reasons for his dismissal prior to termination of employment. Louisiana Revised Statutes 33:2500(D) provides that :

> In every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefor.

Like the court in *Baton Rouge Police Dep't. v. Morrison*, 04-57 (La.App. 1 Cir. 2/18/05), 906 So.2d 610, we find no such temporal requirement. Galatas further asserts that he was entitled to a full evidentiary hearing under the holding of *Loudermill*, 470 U.S. 532. However, the Supreme Court in *Loudermill* did not so hold. In that case, the court held that: "Some opportunity for the employee to present his side of the case is recurringly of obvious value in reaching an accurate decision." *Id.* at 543. The court further stated that:

> The foregoing considerations indicate that the pretermination "hearing," though necessary, need not be elaborate. We have pointed out that "[t]he formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Boddie v. Connecticut,* 401 U.S., at 378, 91 S.Ct., at 786. See *Cafeteria Workers v. McElroy,* 367 U.S. 886, 894-895, 81 S.Ct. 1743, 1748, 6 L.Ed. 1230 (1961). In general, "something less" than a full evidentiary hearing is sufficient prior to adverse administrative action. *Mathews v. Eldridge,* 424 U.S., at 343, 96 S.Ct. , at 907.

*Id.* at 545.

The court in *Loudermill* explained the extent of the employee's due process rights as follows:

3

> The essential requirements of due process, and all that respondents seek or the Court of Appeals required, are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. See Friendly, "Some Kind of Hearing," 123 U. Pa.L.Rev. 1267, 1281 (1975). The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. See *Arnett v. Kennedy,* 416 U.S., at 170-171, 94 S.Ct., at 1664-1665 (opinion of POWELL, J.); *id.,* at 195-196 (opinion of WHITE, J.); see also *Goss v. Lopez,* 419 U.S., at 581, 95 S.Ct., at 740. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.

*Id.* at 546.

In this case, Galatas received the benefit of everything required to afford him due process. He was first sent a letter notifying him that he was under investigation and the general reasons therefor. At his first interview, the reasons were more fully explained. At a second interview, his attorney was present. A pre-determination hearing was held at which Galatas was given an opportunity to explain himself. Finally, Galatas was sent a letter explaining the allegations which had been investigated, the conclusions reached including a brief explanation of the factual basis therefor, and that his employment with the Lafayette Police Department was terminated. The letter included quotations from the Lafayette Police Department General Orders and the State of Louisiana Municipal Fire and Police Civil Service rules which Galatas was found to have violated. Having reviewed the entire record, we find no failure to afford Galatas his right to due process. Accordingly, we affirm the district court's denial of Galatas' petition to overturn the decision of the Lafayette Municipal Fire and Police Civil Service Board. Having so found, we need not consider the argument that Galatas is due attorney's fees under La.R.S. 33:2501.1.

4

DECREE

The judgment of the district court is affirmed. Costs of this appeal are to be paid by the Plaintiff-Appellant, Galatas.

AFFIRMED.